UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST, et al., | Case No. 2:19-CV-1362 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| ARENAS, PARKS & STADIUM SOLUTIONS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Cement Masons and Plasterers Health and Welfare Trust, et al.'s motion for entry of default judgment against defendant Arenas, Parks & Stadiums Solutions, Inc. ("APSS"). (ECF No. 16).

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Plaintiffs initiated this lawsuit against defendants APSS and Suretec Insurance Company ("Suretec") on August 7, 2019. (ECF No. 1). Defendant Suretec was ultimately dismissed.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 14).  The only remaining defendant, APSS, was timely served yet has never appeared. (ECF No. 5).  The clerk entered default against APSS on July 1, 2020.  (ECF No. 13).

Plaintiff now moves for default judgment for the recovery of "$20,945.35, which consists of $8,381.80 in contributions, $2,192.52 in interest, $2,082.84 in liquidated damages, $16,615.20 in attorney's fees, $532.33 in costs, and 3,755.00 in Audit costs (less the $13,000 settlement paid by Suretec) pursuant to 29 U.S.C. § 1132(g)(2)" with interest to accrue from September 1, 2020 until the judgment has been paid in full.  (ECF No. 16).

The court has reviewed the factors articulated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), and finds that default judgment is appropriate.  The court finds that plaintiff's complaint sufficiently states its causes of action, that plaintiff's substantive claims are meritorious, and that defendants' failure to respond is not the result of excusable neglect.  Denying default judgment would prejudice plaintiff, and the court grants plaintiff's motion accordingly.  (ECF No. 16).  The court now turns to damages.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (*citing Pope v. United States*, 323 U.S. 1, 12 (1944)). Entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation" as is the case here. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs request the remaining damages owed by APSS for these causes of action in the amount of $20,945.35.  (ECF No. 16).  This amount allegedly includes $8,381.80 in contributions, $2,192.52 in interest as of July 31, 2020, $2,082.84 in liquidated damages as of July 31, 2020, $16,615.20 in attorney's fees as of August 30, 2020, *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), $532.33 in costs, and $3,755.00 in audit fees, less Suretec's settlement payment in the amount of $13,000.00.  (*Id.*).  However, a calculation of these figures amounts to $20,559.69, not $20.945.35 as presented in plaintiffs' briefing.  Furthermore, the amount of liquidated damages is stated in plaintiffs' exhibit as $1,697.98, not

**James C. Mahan**
**U.S. District Judge**

- 2 -

$2,082.84. (ECF No. 16-2). In light of these discrepancies, this court declines to grant plaintiffs' motion at this time.

Plaintiffs are ordered to supplement their motion with an explanation of these discrepancies and/or the appropriate figures relevant for plaintiffs' requested damages within 7 days of the entry of this order.

Accordingly,

IT IS THEREFORE HEREBY ORDERED that the plaintiffs' motion for default judgment against Arenas, Parks & Stadiums Solutions, Inc. is HELD IN ABEYANCE.

IT IS FURTHER ORDERED that plaintiffs are ordered to supplement their motion with an explanation of these discrepancies and/or the appropriate figures relevant for plaintiffs' requested damages within 7 days of the entry of this order.

DATED October 30, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**